# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **R.H.; M.L.; H.J.; and R.R.**,  )<br><br>    Plaintiffs,  )<br><br>    v.  )<br><br>**TOM RAWLINGS**, in his official capacity as Director of the Division of Family and Children Services of the Georgia Department of Human Services;  )<br><br>**ROBYN A. CRITTENDEN**, in her official capacity as Commissioner of the Georgia Department of Human Services;  )<br><br>**FRANK BERRY**, in his official capacity as Commissioner of the Georgia Department of Community Health,  )<br><br>    Defendants.  ) | Civil Action No.<br>1:17-CV-01434-WMR |

## PLAINTIFFS' BRIEF IN SUPPORT OF THEIR MOTION FOR ATTORNEYS' FEES AND EXPENSES

Plaintiffs, by and through their undersigned counsel of record, and pursuant to the parties' Consent Order and Stipulation of Settlement ("Order") [Dkt. 91],

1

respectfully submit this Brief in Support of Their Motion for Attorneys' Fees and Expenses, stating as follows:

## I. **INTRODUCTION**

In connection with Plaintiffs' Motion for Attorneys' Fees and Expenses, the *only* issue for the Court's determination is the amount of attorneys' fees and expenses to award – not whether Plaintiffs are entitled to such an award in the first place. This is because the parties expressly agreed that, in the event the parties were unable to agree on an award of fees and costs, Defendant shall not challenge Plaintiffs' entitlement to fees and costs but may only challenge the amount of the request. *See* Order § 110.

Notwithstanding considerable efforts at resolving Plaintiffs' claim for fees and costs, the parties were unable to finalize an agreement prior to the deadline to file their petition for fees and costs. Accordingly, Plaintiffs bring their motion for attorneys' fees and costs in which, pursuant to the parties' mutual agreement and the Court's order, the only issue for resolution is the amount of the award to Plaintiffs.[1]

---

[1] Pursuant to Local Rule 54.2, Plaintiffs will "file and serve a detailed specification and itemization of the requested award, with appropriate affidavits and other supporting documentation."

2

## II. FACTUAL BACKGROUND

Plaintiffs filed this lawsuit asserting systemic problems in accommodating people with disabilities in the SNAP and Medicaid programs. Defendants denied those allegations.

After significant discovery, the Parties began settlement discussions. After more than a year of negotiations between the Parties.

During negotiations, the Parties and their counsel discussed at length the effectiveness of the measures contained in the Order as well as the ability of the Defendants to carry out the obligations set forth therein. At the conclusion of negotiations, Defendants confirmed their approval of the Order and confirmed they have received all necessary authority to enter into the agreement. Plaintiffs likewise have consented to the resolution of the action under the terms contained therein.

The Parties therefore reached full agreement and presented an Order that resolves the action.

On June 4, 2019, the Court approved the Order [Dkt. 91].

Under the terms of the Order, Plaintiffs had 45 days from the entry of the Opinion and Order to submit a request to Defendants for attorneys' fees and costs. Order at ¶110. Plaintiffs timely submitted their attorneys' fees and costs requests to

DHS' counsel on September 18, 2015. [Dkt. 93, ¶4]. The parties have reached an agreement as to the amount of fees and costs to be paid to Plaintiffs, but were not able to finalize the agreement prior to the deadline for filing this motion. In that event, the Order provides:

> If the parties are unable to agree to an award of fees and costs within two (2) months of Plaintiffs' submission of said request, Plaintiffs shall file a bill of costs and motion for attorney's fees and costs with the Court pursuant to 42 U.S.C. § 12205 and 29 U.S.C. § 794(a). In response, Defendants shall not challenge Plaintiffs' entitlement to fees and costs incurred prior to the entry of this Order, but may only challenge the amount of the request.[2]

As a result of the parties' inability to resolve Plaintiffs' attorneys' fees request informally, and according to the Settlement's terms, Plaintiffs have timely filed their Motion for Attorneys' Fees and Expenses and request that this Court award them $1,190,167.50 in attorneys' fees and $25,451.37 in expenses.

## III.   ARGUMENT

The Civil Rights Attorney's Fees Awards Act (42 U.S.C. § 1988) provides in pertinent part:

> In any action or proceeding to enforce a provision of
> sections 1981, 1981a, 1982, 1983, 1985, and 1986 of this

---

[2] In the event the parties were unable to reach agreement on Plaintiff's request for attorneys' fees and costs, the original Order specified a 60-day deadline for Plaintiffs to file a bill of costs and motion for attorney's fees and costs with the Court. At the parties' request, however, the Court extended that deadline to December 19, 2019.

4

> title, title IX of Public Law 92-318 [20 U.S.C.A. § 1681 et seq.], the Religious Freedom Restoration Act of 1993 [42 U.S.C.A. § 2000bb et seq.], the Religious Land Use and Institutionalized Persons Act of 2000 [42 U.S.C.A. § 2000cc] title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], or section 13981 of this title, the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs.

The fee-shifting provision of the Americans with Disabilities Act (ADA), at 42 U.S.C. § 12205, Attorney's Fees, provides:

> In any action or administrative proceeding commenced pursuant to this chapter, the court or agency, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee, including litigation expenses, and costs, and the United States shall be liable for the foregoing the same as a private individual.

Finally, the fee-shifting provision of the Rehabilitation Act (Section 504), at 29 U.S.C. § 794a(a)(2), states:

> The remedies, procedures, and rights set forth in title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d et seq.) (and in subsection (e)(3) of section 706 of such Act (42 U.S.C. 2000e-5), applied to claims of discrimination in compensation) shall be available to any person aggrieved by any act or failure to act by any recipient of Federal assistance or Federal provider of such assistance under section 794 of this title

The courts have employed the same methodology in calculating reasonable attorney's fee awards under both § 1988 and § 12205, as well as numerous other

5

fee-shifting provisions. *Ass'n of Disabled Ams. v. Neptune Designs, Inc.*, 469 F.3d 1357, 1359 (11th Cir. 2006).

Fees are awarded to a party prevailing under the aforementioned provisions "unless special circumstances would render such an award unjust." *Hensley v. Eckhart*, 461 U.S. 424, 429 (1983) (quoting S. Rep. No. 94-1011, p. 4 (1976); *Bruce v. City of Gainesville*, 177 F.3d 949, 950 (11th Cir. 1999). The fact that a party prevails through a settlement rather than through litigation does not weaken its claims to fees. *Maher v. Gagne*, 448 U.S. 122, 129 (1980).

### A. Determining the Lodestar

In determining the fee award, this Court should multiply those hours reasonably expended by a reasonable hourly rate to compute the "lodestar." *Hensley*, 461 U.S. at 433; *see also Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988) "[T]he lodestar figure represents a presumptively reasonable fee." *Hunter v. Cook*, 1:08-CV-2930-TWT, 2015 WL 4940900, at *1 (N.D. Ga. Aug. 19, 2015), aff'd sub nom. *M.H. v. Comm'r of the Georgia Dep't of Cmty. Health*, 656 Fed. Appx. 458 (11th Cir. 2016).

As the Eleventh Circuit explained, where all the theories of recovery arise from a common core of facts, a district court should focus on "the significance of the overall results as a function of total reasonable hours." *Norman*, 836 F.2d at

1302. Attorney fees analysis should "encompass not only a comparison of the relief requested to that recovered, but also a determination of whether public interests have been served by resolution of the dispute." *Walker v. Crigler*, 145 F.3d 1327(4th Cir. 1998) (unpublished opinion); see also *Webster Greenthumb Co.*, 112 F. Supp. 2d at 1376-789 ("the most important factor is the results obtained" and enhancement may be appropriate for public advancement "spillover benefits for non-parties"); *Barber v. T.D. Williamson, Inc.*, 254 F.3d 1223 (10th Cir. 2001) (attorney fees to civil rights claimant to be construed broadly to allow recovery when attorneys are encouraged to represent civil rights clients, important right is affirmed, or need to improve or change conduct is established).

### B. Plaintiffs Hours Expended in This Action Were Reasonable

In determining whether counsel expended a reasonable amount of time on the case, the Court looks first to the time claimed. Where "plaintiff's claims for relief ... involve a common core of facts or [are] based on related legal theories" the district court "should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 434. The hours claimed or spent on a case are "[t]he most useful starting point for determining the amount of a reasonable fee." *Id*. at 433.

Counsel must exercise "billing judgment" in determining the hours reasonably expended on the merits, *Id*. at 437, and attorneys should be compensated for the time reasonably expended in seeking an award of fees from the court. *Johnson v. Univ. Coll. of Univ. of Ala. Birmingham*, 706 F.2d 1205, 1207 (11th Cir. 1983).

Counsel's certification that the work itemized has in fact been performed is "entitled to considerable weight on the issue of time required ....". *Perkins v. Mobile Hous. Bd.*, 847 F.2d 735, 738 (11th Cir. 1988). Here, Plaintiff's counsel will submit detailed time records[3] and supporting declarations in which they aver that they maintained accurate and contemporaneous records of time spent and expenses incurred in this matter. Counsel will further declare that they have carefully reviewed their time sheets and exercised prudent billing judgment.

In a complex case such as this, compensable work may include:

> pre-litigation services in preparation for the filing of the lawsuit, background reading and research in complex cases, productive attorney discussions and strategy sessions, negotiations, routine activities such as making telephone calls and reading mail related to the case, monitoring and enforcing a favorable judgment, and even preparing and litigating a request for attorney's fees.

*Webster Greenthumb.*, 112 F.2d at 1350.

---

[3] Those time records have been shared with Defendants' Counsel and Defendants' and their Counsel have had ample time to review the records.

8

Here, Plaintiffs' counsel filed and successfully resolved a complex set of claims under the Americans with Disabilities Act involving multiple public benefits programs and three separate state agencies. Plaintiffs drafted two complaints, engaged in extensive discovery, and undertook protracted and complex systemic reform that resulted in a very comprehensive consent decree. Moreover, as the records will show, Plaintiffs' counsel both documented time by task, and extensively reduced time to account for any possible duplication or excess billing.

Courts have recognized the complexity of public benefits litigation generally. *See Schweiker v. Gray Panthers*, 453 U.S. 34, 43-44, n.14 (1981) (noting, in a case regarding requirements for Medicaid, the "Byzantine construction" of the Social Security Act, making the Act "almost unintelligible to the uninitiated" and noting that the Medicaid statute has been described as an "aggravated assault on the English language, resistant to attempts to understand it") (citation omitted); *Walker v. Eggleston*, No. 04-0369 (WHP), 2006 U.S. Dist. LEXIS 60958, at *21 (S.D.N.Y. Aug. 29, 2006) (stating that the Food Stamp Act and its implementing regulations is highly complex). This complexity was overlain by the additional complexity of the requirements of the ADA, which imposes strict requirements on governmental actors administering benefit programs.

In the present case, the hours expended on the litigation were not only reasonable, but necessary, given the importance of the rights at issue, the size of the populations impacted, Defendants' vigorous litigation strategy and careful negotiations, and the complexity of the program involved in this case. The activities performed were exactly what paying clients would expect to incur in prosecuting this type of civil rights case where the expectation was that not only would the Plaintiffs enjoy the fruits of the case, but that there would be systemic reforms that would benefits many others similarly situated.

From the inception of this case, plaintiffs' counsel adopted a forthright, responsive, and efficient litigating posture in an effort to expedite a resolution. For example, Plaintiffs sought to secure discovery when possible through informal conversations with agency personnel rather than through formal, and considerably more expensive, depositions.

In making the fee request, "[c]ounsel ... should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434; *Norman*, 836 F.2d at 1301. Counsel should provide in the fee request the hours spent "with sufficient particularity." *ACLU v. Barnes*, 168 F.3d 423 (11th Cir. 1999). As previously noted, Plaintiffs'

counsel has carefully reviewed their time records and exercised prudent billing judgment with regard to the billable time and out-of-pocket expenses claimed.

In determining which hours to include, Plaintiffs' counsel determined what was reasonable given the size of the case and the complexity of factual and legal issues at stake. They reviewed and removed attorneys' time that they determined was duplicative in the management and planning of the case.

Plaintiffs' Counsel's primary method of case management was by conference call and email. On conference calls, Plaintiffs' Counsel included the time of no more than one person per office in almost all instances and entirely cut some attorneys time off every conference call. In reviewing the time spent drafting and editing documents, such as pleadings, motions, and other documents, Plaintiffs' Counsel removed some drafting and editing time based on the importance of the revisions and overall time spent on the documents in question.

At depositions, Plaintiffs' Counsel billed for the deposition taker's time and the person who sat second chair. In a few instances, the lead counsel's time was also billed.

Plaintiffs' Counsel also removed duplicative time at the parties' settlement conferences. Where an attorney's contributions were material to the factual or legal

arguments in the case and necessary to advancing settlement, Plaintiffs' Counsel retained the attorney's time.

For travel, Plaintiffs' Counsel reduced an attorney's fees by 50% when the attorney was travelling by car to come to a deposition or to a settlement conference and have included the mileage in our bill of costs.

In all, these redactions resulted in the removal of a total of more than 340 hours of productive time. Certain attorneys' time was reduced significantly in this process and one attorney's time was removed entirely.

### C. The Hourly Rates Requested Are Reasonable.

The rates sought by Plaintiffs' counsel are reasonable. In assessing a reasonable hourly rate for Plaintiff's counsel, this Court must evaluate the attorneys' "knowledge of trial practice and knowledge of the substantive law." *Norman*, 836 F.2d at 1301. "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id*. at 1299. In short, the rate should "reflect what an attorney with similar experience, background, skill, and reputation would charge under the same circumstances." *In re Chicken Antitrust Litig.*, 560 F. Supp. at 971; *In re Domestic Air Transp. Litig.*, 148 F.R.D. at 355. The market rate

applies whether the attorney is in public interest or private practice. *Mason v. Pierce*, 806 F.2d 1556, 1557-58 (11th Cir. 1987).

The hourly rates employed by Plaintiffs' counsel are reasonable and reflect rates awarded to attorneys with similar experience in the Eleventh Circuit. See e.g. *Cross v. Equityexperts.org, LLC*, 1:17-CV-3804-AT-JCF, 2018 WL 7019355, at *10 (N.D. Ga. Nov. 19, 2018) (FDCPA), report and recommendation rejected on other grounds at 1:17-CV-3804-AT, 2019 WL 1178425 (N.D. Ga. Jan. 11, 2019) (finding hourly rates between $315 and $570 to be reasonable); *Moore ex rel. Moore v. Cook*, 1:07-CV-631-TWT, 2012 WL 5362892, at *4 (N.D. Ga. Oct. 31, 2012) (awarding rates between $290 and $475); see also U.S. Attorney's Office Laffey Index available at https://www.justice.gov/usao-dc/file/796471/download (last accessed on July 18, 2019)(providing rates above what Plaintiffs have used).

Here, Plaintiffs enjoyed the representation by very experienced counsel. As a result, Defendant had the benefit of a lean representation and little exposure to "on-the-job training" by Plaintiffs' counsel. Yet, where appropriate, less experienced counsel participated in activities such as interviewing plaintiffs and witnesses, factual development, and drafting basic papers. This freed the more experienced counsel to focus on settlement and litigation.

Similarly, Alston & Bird utilized the services of senior level counsel because of the need to reach an expedited result and to ensure that the representation was well staffed with pro bono litigation partners who were quite familiar with the prosecution of complex litigation in the federal district.

In this case, the relevant legal community is the Northern District. *Carey v. Rudeseal*, 721 F. Supp. 294, 298 n. 5 (N.D. Ga. 1989) ("'relevant community' for purposes of this fee petition is the Northern District of Georgia"); *Knight v. Alabama*, 824 F. Supp. 1026, 1027 n.1 (N.D. Ala. 1993) ("relevant legal community is the area where the court sits").

Based on recent case law for attorney's fees in the Northern District of Georgia (NDGA), the following is a more than fair guideline for rates that may be considered reasonable:

- **~$400 - $550**: 15+ practice years.
- **~$250 - $400**: 3-14 practice years.
- **~$150 - $200**: 2 or less practice years and support staff.

In the most recent detailed breakdown of attorney's fees in a rights vindication case, the Northern District found the following rates to be permissible and well-supported for plaintiff's attorneys in a Fair Debt Collection Practices Act (FDCPA). *Fomby v. Bulls*, 2018 U.S. Dist. LEXIS 220510, at *11 (N.D. Ga. Sep.

13, 2018). In *Fomby*, plaintiff's counsel Adam Klein, an experienced consumer rights litigator with successful results in "hundreds of consumer rights cases," billed $400 per hour; and co-counsel Matthew Berry, with "30 years [of] experience in consumer and bankruptcy law," billed $450 per hour. *Id.* The court found that the rates were reasonable, and granted the requested attorney's fees, minus deductions for hours that the court found to be the result of plaintiff's failure to comply with deadlines. *Id.*

In a 2017 FLSA case, the court approved hourly rates of $400 for each of two partners and an associate, $105 - $145 for paralegals, and $45 for summer associates and legal assistants. *Obertein v. Assured & Assocs. Pers. Care of Ga., Inc.*, 2017 U.S. Dist. LEXIS 168007, at *4 -*5 (N.D. Ga. May 14, 2017). In a 2016 FLSA claim, plaintiff's lead counsel, Doug Kertscher, sought recovery of attorney's fees at a rate of $400 per hour. *Willoughby v. Youth Vills., Inc.*, 219 F. Supp. 3d 1263, 1265-66 (N.D. Ga. 2016). While Mr. Kertscher had twenty-two years of experience, the defendant claimed that Mr. Kertscher had litigated "only one FLSA action" and was therefore "not yet a $400-an-hour attorney when it comes to FLSA matters." *Id.* The court found that $400 was a reasonable rate in "the Atlanta legal market for FLSA services by lawyers of reasonably comparable skills, experience, and reputation." *Id.*

In a recent FDCPA report and recommendation remanded on unrelated grounds, a magistrate judge gave a detailed breakdown of an attorney's fee award. *Cross v. Equityexperts.Org, LLC*, 2018 U.S. Dist. LEXIS 223268, at *28-29 (N.D. Ga. Nov. 19, 2018). Mr. Skaar, an attorney in practice for over 30 years and appearing before the NDGA in over 900 cases, billed $570 an hour. *Id.* Mr. Feagle, with 25 years of experience in consumer rights' litigation, billed $535 an hour. Mr. Dorsen, with three years of experience in consumer rights litigation, billed $315 an hour. *Id.* The court looked favorably on the declaration submitted by an uninvolved Georgia consumer rights' practitioner, James Hurt, stating that the fees charged were reasonable and necessary based on his 15 years of experience litigating in the field in Georgia. *Id.* at *29-30.

In 2015, a court in this District conducted a detailed breakdown of attorney's fees for various levels of attorneys and support staff came in an Employee Retirement Income Security Act (ERISA) case. *DeKalb Med. Ctr., Inc. v. Specialties & Paper Products Union No. 527 Health & Welfare Fund*, 2015 WL 4231774 (N.D. Ga. July 13, 2015). There, the three partners at McKenna Long & Aldridge LLP charged between $427.50 and $517.50 per hour for their services. *Id.* at *2. Specifically, partner Derek S. Bauer after 14 years of practice (in 2014) billed $445.50 per hour (and $427.50 the previous year); partner Charlotte Combre

16

billed $454.50 after 16 years of practice (in 2013); and partner Gary W. Marsh billed $517.50 per hour after 28 years of practice (in 2013). *Id.* Associates with 9 years of experience billed $373.50 and $427.50, and attorneys in practice for two years or less billed between $247.50 and $315. *Id.* A summer associate was billed $261, and paralegals and research assistants were billed between $148.50 and $180. *Id*

In *Yule v. Jones*, 766 F.Supp.2d 1333 (N.D. Ga. 2010), this Court awarded senior counsel with 36 years of experience $620.00 per hour for work done more than 5 years ago. Rates for less experienced attorneys were proportionate. Here, the rates sought reflect the normal and usual billing rates of counsel at Alston & Bird with a downward adjustment to reflect the nature of this *pro bono* representation. Public interest counsel's rates are, of course, comparable.

Similarly, in a Fair Labor Standards Act case where the plaintiffs won against employers for unpaid overtime, the Court in this district granted the full amount of attorneys' fees requested, accepting plaintiffs' proposed hourly rates. *Eason v. Bridgewater & Assocs., Inc.*, No. 1:11-CV-02772-TCB, 2015 WL 3617080, at *5 (N.D. Ga. June 9, 2015). Cheryl Legare, with approximately 13 years of experience, billed $400 per hour; Justin Scott, with approximately 16 years of experience billed $325 per hour; and Paul Chichester, with approximately 4 years of experience,

billed $250 per hour. *Id*. at *4. Plaintiffs' counsel have considerably more experience.

In a case most factually similar to this one, a section 1983 action was filed against the Commissioner of the Georgia Department of Community Health for reducing a patient's Medicaid Coverage in violation of the Medicaid Act. *Moore ex rel. Moore v. Cook*, No. 1:07-CV-631-TWT, 2012 WL 5362892, at *1 (N.D. Ga. Oct. 31, 2012). There, Gerald Webber, who had approximately 22 years of experiences, billed $475 per hour; Paula Miller with approximately 26 years of experience billed $400 per hour; and Joshua Norris with approximately 17 years of experience billed $330 per hour. *Id*. at *4. With the exception of a 16.5-hour reduction for excessive hours, the Court approved the Plaintiff's proposed attorney's fees and did not adjust any of the hourly rates. *Id*. at *9.

Thus, the hourly rates sought are appropriate and reasonable.

### D. Plaintiffs' Expenses Are Reasonable.

Plaintiffs also seek an award of expenses in the amount of $25,451.37. With respect to expenses, "the standard for reasonableness is given a liberal interpretation." *Loranger v. Stierheim*, 3 F.3d 356, 363 (11th Cir. 1993), *vacated on other grounds*, 10 F.3d 776 (11th Cir. 1994). All expenses claimed were in connection with the prosecution of this case. They reflect charges for such expenses

as filing fees, travel to meet with plaintiffs and witnesses, travel for negotiation, messenger services, and retention of a consulting expert.

Plaintiffs are entitled to recover those expenses that were reasonable and necessary. *Dowdell v. City of Apopka*, 698 F.2d 1181, 1192 (11th Cir. 1983) ("all reasonable expenses incurred in case preparation, during the course of litigation, or as an aspect of settlement of the case may be taxed as costs under § 1988."); *Ryder Truck Lines, Inc. v. Goren Equip. Co.*, 576 F. Supp. 1348 (N.D. Ga. 1983). Plaintiffs' request for an award of these expenses should be approved.

## CONCLUSION

For the reasons set forth herein, and upon the record in the case, Plaintiffs submit that this request for reasonable attorneys' fees and expenses be granted.

Respectfully submitted on December 19, 2019.

Lisa J. Krisher
Georgia Bar No. 429762
lkrisher@glsp.org

Nancy DeVetter
Georgia Bar No. 356073
ndevetter@glsp.org

Marcy Muller
Georgia Bar No. 076124
mmuller@glsp.org

/s/ *Wingo F. Smith*,
Charles R. Bliss
Georgia Bar No. 063385
crbliss@atlantalegalaid.org

Miriam Gutman
Georgia Bar No. 170768
mgutman@atlantalegalaid.org

Wingo F. Smith
Georgia Bar No. 147896
wfsmith@atlantalegalaid.org

| | |
|---|---|
| **Georgia Legal Services Program**<br>104 Marietta Street, Suite 250<br>Atlanta, Georgia 30303<br>Tel: (404) 206-5175 | **Atlanta Legal Aid Society, Inc.**<br>54 Ellis Street, NE<br>Atlanta, Georgia 30303<br>Tel: (404) 614-3982 |
| Greg Bass<br>bass@nclej.org<br>(admittance *pro hac vice*) | Patrick J. Flinn<br>Georgia Bar No. 264540<br>patrick.flinn@alston.com |
| Marc Cohan<br>cohan@nclej.org<br>(admittance *pro hac vice*) | Matthew W. Howell<br>Georgia Bar No. 607080<br>matthew.howell@alston.com |
| **National Center for Law and Economic Justice**<br>275 Seventh Avenue, Ste. 1506<br>New York, NY 10001-6860<br>Tel: (212) 633-6967 | David L. Gann<br>Georgia Bar No. 940455<br>david.gann@alston.com |
| | Mary Grace Gallagher<br>Georgia Bar No. 121954<br>marygrace.gallagher@alston.com |
| | **Alston & Bird LLP**<br>One Atlantic Center<br>1201 West Peachtree Street<br>Atlanta, Georgia 30309-3424<br>Tel: (404) 881-7000 |